IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-01391-RBJ

Spyderco, Inc., a Colorado corporation,

      Plaintiff,

v.

Quiet Carry LLC, a California limited liability company,

      Defendant.

## ORDER GRANTING PERMANENT INJUNCTION AND DISMISSAL

This matter came before the Court on Plaintiff Spyderco, Inc.'s ("Spyderco") and Defendant Quiet Carry LLC ("Quiet Carry") (collectively "the Parties") Joint Motion for Entry of Permanent Injunction and Order of Dismissal, ECF No. 14. Having considered the Motion, being fully advised of the premises, and for good cause appearing therein, the Court hereby enters a PERMANENT INJUNCTION and ORDER OF DISMISSAL as follows:

1.     This Court has jurisdiction over the Parties and the subject matter at issue in this action.

2.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

3.     Spyderco is the owner of federal and common law rights in the federally registered trademark "SALT", U.S. Registration No. 5,604,019 (the "SALT Trademark").

4.     The Parties have settled this matter and request that the Court enter this Permanent Injunction and Order and dismiss this case.

5. Quiet Carry, including its directors, officers, members, employees, agents, predecessors in interest, successors, and assigns, is permanently enjoined from:

    a. Using the SALT Trademark in connection with Quiet Carry's goods or services in a manner that cause a likelihood of confusion, including, marketing, advertising, or promotional materials, or otherwise in connection with Quiet Carry's business;

    b. Using confusingly similar variations of the SALT Trademark, including "SALTWATER," in a manner that cause a likelihood of confusion, deception, and/or mistake as to the source, nature, and/or quality of Quiet Carry's goods or services;

    c. Otherwise infringing the SALT Trademark;

    d. Falsely designating the origin of Quiet Carry's goods or services so as to imply an association with the SALT Trademark and/or Spyderco's goods and services;

    e. Causing likelihood of confusion, deception, and/or mistake as to the source, nature, and/or quality of Quiet Carry's goods or services by use in association with the SALT Trademark; and

    f. Using "SALT" or confusingly similar variations of the SALT Trademark, including "SALTWATER," in connection with its knives and related goods and services in a source-identifying way. Solely for clarification purposes, source-identifying uses include but are not limited to the following: calling the knife or knife accessory line "Salt," "Saltwater," "Everyday Salt," "Everyday Saltwater," "Everyday Salt Knives," or "Everyday Saltwater Knives." Solely for clarification purposes, non-source-identifying uses include but are not limited to the following, and are recognized as classic fair uses of a trademark: using "salt" or "saltwater" in a descriptive manner, e.g., "the knives will not rust or corrode in saltwater," "the knives are designed to function well and not deteriorate in saltwater environments," or "a knife made for use in salt environments."

6. This case is DISMISSED WITH PREJUDICE, each Party to bear its own attorneys' fees and costs. This Court shall retain jurisdiction to enforce this Permanent Injunction.

7. There being no just reason for delay, the Clerk is directed to enter Judgment on this Order of Dismissal and Permanent Injunction.

**IT IS SO ORDERED,** this   16th   day of September, 2021.

BY THE COURT:

_____
United States District Court Judge